IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Doris B. Everhart, | ) | |
| | ) | C.A. No.: 7:10-cv-01424-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Waffle House, Inc. and | ) | |
| WH Capital LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendant Waffle House, Inc.'s ("Waffle House") Motion to Strike Summons and Amended Complaint and Defendant WH Capital LLC's ("WH Capital") Motion to Dismiss [Doc. 27] under Fed. R. Civ. P. 15(a). [Doc. 24]. Based upon the record before the court, Defendants' motions are **denied**.

### PROCEDURAL BACKGROUND

Plaintiff Doris B. Everhart commenced this negligence action in the Spartanburg County, South Carolina Court of Common Pleas on March 1, 2010. [Doc. 1-1]. Waffle House filed its Answer [Doc. 1-1, at 6-8] with the Court of Common Pleas on April 5, 2010, and its Notice of Removal [Doc. 1] with this court on June 2, 2010. On September 27, 2010, without obtaining Waffle House's consent or leave of this court, Everhart filed an Amended Complaint. [Doc. 19]. On September 28, 2010, the Clerk of Court issued a Summons to Defendant WH Capital LLC ("WH Capital"). Waffle House filed its motion on October 12, 2010 [Doc. 24], and WH Capital filed its motion on October 24, 2010 [Doc. 27].

### DISCUSSION

Both Defendants argue that the court should strike Everhart's Amended Complaint because Everhart received neither Waffle House's consent nor this court's permission to file her Amended

1

Complaint. [Doc. 24-1, at 2]. Defendants also contend that because Everhart did not file her Amended Complaint before April 5, 2010, the date on which Waffle House filed its Answer, Everhart is not entitled to amend her complaint as a matter of course. [Doc. 24-1, at 2].

Under Rule 15(a),

> A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Furthermore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). The determination of whether an amendment is prejudicial will often turn on its "nature . . . and its timing." *Id.* "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" *Id.* (citing *Johnson*, 785 F.2d at 509). "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)). Moreover, "Delay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." *Id.* Courts have also granted leave to amend where, as here, a party amends its pleading without first seeking the opposing party's consent or obtaining the court's permission. *See Straub v. Desa Indus. Inc.*, 88 F.R.D. 6, 8-9 (M.D. Pa. 1980) (holding that the "untimely pleading served without judicial permission [is proper] when leave to amend would have

2

been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change.") (citing 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 1484); *see also The American Angus Ass'n v. Sysco Corp.*, 865 F. Supp. 1174, 1175-76 (W.D.N.C. 1993).

Here, Everhart's Amended Complaint was untimely because it was filed more than five months after Waffle House filed its Answer. Everhart also filed her Amended Complaint without Waffle House's consent or the court's permission. In the Amended Complaint, Everhart seeks to add as a defendant WH Capital LLC as the owner of the premises that Defendant Waffle House occupied.[1] [Doc. 19]. While her initial Complaint alleges a cause of action for negligence against Waffle House, the Amended Complaint alleges a cause of action for premises liability against each of the Defendants. [Doc. 19]. Based on the standard outlined by the Fourth Circuit as discussed above, if Everhart had requested the court's leave to amend her complaint in a timely manner, the court would have granted the request because the premises liability cause of action is based on the same set of facts alleged in the original complaint. Furthermore, in its motion Defendants did not advance any arguments concerning prejudice, bad faith or futility. [Doc. 24]. In the court's view, the record does not indicate that Everhart amended her complaint in bad faith, that the Amended Complaint would be futile, or that Waffle House would be prejudiced by the untimely filing or by the substance of the Amended Complaint. Accordingly, Everhart is hereby granted leave to amend her complaint and Defendants' motions are denied.

---

[1] "A party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action." 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 1474 (3d ed.).

3

## CONCLUSION

For the foregoing reasons, Defendant Waffle House, Inc.'s Motion to Strike Summons and Amended Complaint [Doc. 24] and Defendant WH Capital LLC's Motion to Dismiss [Doc. 27] are **DENIED.**

**IT IS SO ORDERED.**

s/ J. Michelle Childs  
United States District Judge

May 3, 2011  
Greenville, South Carolina